```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWARD GRIMES, | Civil No. 08-0567 (MLC) |
| Plaintiff, | |
| v. | **O R D E R** |
| CORRECTIONAL MEDICAL SERVICES, et al., | |
| Defendants. | |

It appearing that:

1. Plaintiffs Edward Grimes, John Tell, and William Engel, prisoners at New Jersey State Prison, seek to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that each Plaintiff qualifies for prisoner <u>in</u> <u>forma</u> <u>pauperis</u> status pursuant to 28 U.S.C. § 1915. This Court will grant their applications to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, direct the Clerk to file the Complaint and assess the $350.00 filing fee against Plaintiffs.

2. Having thoroughly reviewed Plaintiffs' allegations, the Court finds that <u>sua</u> <u>sponte</u> dismissal of the Complaint is not required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) at this stage of the proceeding. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); Fed. R. Civ. P. 20(a)(1).

**IT IS THEREFORE** on this         2nd         day of May, 2008, **ORDERED** that Plaintiffs' applications to proceed in forma pauperis (dkt. entry no. 1) are **GRANTED** and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Complaint may proceed past sua sponte dismissal; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward a copy of this Order by regular mail to the Attorney General of the State of New Jersey and the warden of New Jersey State Prison; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon Defendants, with all costs of service advanced by the United States; and it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir.

1997), and the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

**ORDERED** that each Plaintiff is assessed the sum of $116.66 as his share of the filing fee of $350.00; the sum of $116.66 shall be deducted from each Plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), each Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is finally

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until $116.66 is paid by each Plaintiff, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action.

                                                  s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge