**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                                 |
|--------------------------|---|---------------------------------|
| EDWARD GRIMES, et al.,   | : | CIVIL ACTION NO. 08-567 (MLC)   |
|                          | : |                                 |
| Plaintiffs,              | : | **MEMORANDUM OPINION**          |
|                          | : |                                 |
| v.                       | : |                                 |
|                          | : |                                 |
| CORRECTIONAL MEDICAL     | : |                                 |
| SERVICES, et al.,        | : |                                 |
|                          | : |                                 |
| Defendants.              | : |                                 |

**COOPER, District Judge**

Pending before this Court are requests for a temporary
restraining order and a preliminary injunction filed by
incarcerated pro se Plaintiffs John Tell and William Engel
(collectively "Plaintiffs"). (Docket Entry Nos. 69, 70, 82, 83, &
100.) Edward Grimes, who is also listed as a plaintiff, appears
not to have filed any requests for injunctive relief. Plaintiffs
are bringing the underlying action to recover damages under 42
U.S.C. § 1983 for failure to provide proper medical care.
Plaintiffs request that the Court enter a preliminary injunction
ordering the Commissioner of the New Jersey Department of
Corrections and/or Administrator of the New Jersey State Prison
to: (1) "compel the New Jersey State Prison medical provider
University of Medicine & Dentistry of New Jersey (UMDNJ) to
provide plaintiff necessary medical treatment prescribed by their
own specialists, providing 24-hour pain relief avoiding NSAIDs
and Tylenol and filling all prescription [sic] on time", (2)

"compel the New Jersey State Prison medical provider (UMDNJ) to continue providing prescribed medical aids, previously classified as 'permenant' [sic] which include: medical chair, back brace and elevator pass", (3) "refrain from threats or acts of retaliation", (4) "refrain from discriminate policies concerning medical aids, such as, medical mattresses, extra pillows, needed to amelioriate [sic] pain", (5) "maintain Plaintiff in the section of the New Jersey State Prison most conducive to his medical conditions, excluding the infirmary. The 2C Medical Unit is presently that section", and (6) compel the payment of the cost for an independent medical expert to review their medical records, a physical examination, necessary tests, and adequate medical care.  (Docket Entry No. 70-4, at 1-2.)

The Court denied without prejudice Plaintiffs' request for a court-appointed expert and ordered Defendants George Hayman and Michelle Ricci ("Defendants") to show cause why the Court should not preliminarily require the Defendants to provide Plaintiffs with the medical treatment and aids prescribed by their own specialist, refrain from threats or acts of retaliation, and maintain Plaintiffs in the section of the New Jersey State Prison most conducive to their medical conditions.  (Docket Entry No. 105.)  Defendants responded (Docket Entry No. 114 & 125) and Plaintiffs responded (Docket Entry Nos. 107, 108, 118 & 119).  For the following reasons, the Court will deny Plaintiffs' request for a preliminary injunction or temporary restraining order.

I.    **Factual Background**

Plaintiffs are state prisoners who allege that they have
been denied medications to treat their serious, debilitating, and
chronic conditions.  (Docket Entry No. 70, Pl.'s Br. at 4.)
Plaintiff Tell argues that he suffers from severe heart and blood
pressure problems and UMDNJ staff have deprived him of essential,
prescribed medications on numerous occasions and have ignored
specialist warnings against prescribing Non-Steroidal Anti-
Inflammatory Drugs (NSAIDS) and Tylenol for him due to the
potential for liver damage.  (Id. at 9.)  Plaintiff Engel argues
that he suffers from many heart-related afflictions and a cardiac
diet and cardiac rehabilitation program have been ordered, but
are not followed due to prison policy.  (Docket Entry No. 82,
Defs.' Br. at 3.)  Plaintiff Engel further argues that he has run
out of essential medications on numerous occasions.  (Id.)  Both
Plaintiffs provide extensive and detailed logs of incidents where
they state that they did not receive their medications or
received improper medications.  (See Docket Entry Nos. 69, 70,
82, 83, 100, 107, 108, 118 & 119.)

Plaintiff Tell also states that his current concerns are the
following: "(1) whether this dose of Tylenol will damage [his]
kidneys and liver.  [His] liver enzymes are in normal range for
the first time in 20 years.  This could be a bad sign, as liver
disease progresses, this is one of the symptoms; (2) whether they

will manage [his] night pain, thereby, lowering the dangerous BP
levels (200+ over 100+),[he suffers] from each morning due to
unmanaged night pain; and (3) whether [his] pain meds will be
discontinued when there is a change of staff or policy, as has
happened in the past."  (Docket Entry No. 118, Pls.' Reply at 5.)
Though Plaintiffs include a request that the Court enjoin
Defendants Hayman and Ricci from engaging in acts of retaliation
in their request for injunctive relief, it does not appear that
said claim is included in their underlying Complaint.

## II.  Discussion

## A.  Legal Standard

Injunctive relief is an extraordinary remedy to be granted
only in limited circumstances.  Novartis Consumer Health v.
Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586
(3d Cir. 2002).  To obtain such interim relief, a movant must
demonstrate both a likelihood of success on the merits and the
probability of irreparable harm absent the injunction.  Frank's
GMC Truck Ctr. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir.
1988).  Thus, in determining whether to issue a preliminary
injunction, the Court must consider whether (1) the movant has
shown a reasonable probability of success on the merits, (2) the
movant will be irreparably injured by denial of the relief, (3)
granting the preliminary relief will result in even greater harm
to the nonmoving party, and (4) granting the preliminary relief

4

is in the public interest.  <u>ACLU of N.J. v. Black Horse Pike</u>
<u>Reg'l Bd. of Educ.</u>, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996); <u>AT&T</u>
<u>Co. v. Winback & Conserve Program</u>, 42 F.3d 1421, 1427 (3d Cir.
1994); <u>see</u> <u>NutraSweet Co. v. Vit-Mar Enters.</u>, 176 F.3d 151, 153
(3d Cir. 1999). The Court should issue an injunction "only if the
plaintiff produces evidence sufficient to convince the district
court that all four factors favor preliminary relief." <u>AT&T Co.</u>,
42 F.3d at 1427; <u>see</u> <u>NutraSweet Co.</u>, 176 F.3d at 153 (noting that
plaintiff's failure to establish any one of four elements renders
preliminary injunction inappropriate).

**B.  Analysis**

**1.  Reasonable Probability of Success on the Merits**

The party seeking a preliminary injunction must demonstrate
a "reasonable probability of eventual success in the litigation."
<u>Bennington Foods LLC v. St. Croix Renaissance Group, LLP</u>, 528
F.3d 176, 179 (3d Cir. 2008) (quotation and citation omitted). In
evaluating whether a movant has satisfied this first part of the
preliminary injunction standard, "[i]t is not necessary that the
moving party's right to a final decision after trial be wholly
without doubt; rather, the burden is on the party seeking relief
to make a prima facie case showing a reasonable probability that
it will prevail on the merits." <u>Oburn v. Shapp</u>, 521 F.2d 142,
148 (3d Cir. 1975).

Plaintiffs' claims include Eighth Amendment violations for
deliberate indifference to serious medical needs, breach of

5

contract, malpractice, and intentional infliction of emotional distress.  (Compl. at 22-23.)  They contend that the Defendants denied them adequate medical care and failed to provide them with prescribed medications in a timely fashion. (Id. at 2-3.)

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  To set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  Id. at 106.

The inmate first must demonstrate that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious that a lay person would recognize the necessity for a doctor's

6

attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  <u>Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).

The inmate then must show that prison officials acted with deliberate indifference to the serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994).  Also, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  <u>Andrews v. Camden Cnty.</u>, 95 F.Supp.2d 217, 228 (D.N.J. 2000).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." <u>Inmates of Allegheny Cnty. Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (quotations and citations omitted).  A doctor's judgment as to the proper course of a prisoner's treatment that ultimately is shown to be mistaken is at most medical malpractice, and not an Eighth Amendment violation.  <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.2d at 110.

7

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest.  Similarly, where knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care, the deliberate indifference standard has been met.... Finally, deliberate indifference is demonstrated [w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."  Lanzaro, 834 F.2d at 346 (quotations and citations omitted).  "Short of absolute denial, if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out."  Id. (citations omitted).  "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that result in interminable delays and outright denials of medical care to suffering inmates."  Id. at 347 (quotations and citations omitted).  Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to warden and state commissioner of corrections, against whom only allegation was failure to respond to prisoner's letters complaining of prison doctor's treatment decisions), with Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (non-physician

supervisor may be liable under Section 1983 if he knew or had reason to know of inadequate medical care).

Defendants Hayman and Ricci argue that Plaintiffs have not shown a likelihood of success on the merits as they cannot show that Defendants Hayman and Ricci were deliberately indifferent to Plaintiffs' medical needs.  (Docket Entry No. 114, Defs.' Br. at 9.)  Specifically, Defendants argue that they are not physicians and therefore cannot be considered deliberately indifferent to Plaintiffs' medical needs because they did not respond directly to Plaintiffs' complaints, when they knew Plaintiffs were under the care of physicians.  (Id. at 9-10.)  Defendants further argue that Plaintiffs' medical records and own certifications show that Plaintiffs were and are under the constant care of physicians, and Plaintiffs simply disagree with the course of treatment.  (Id.)  Plaintiffs do not provide any specific arguments as to why they will be successful on the merits of the underlying case nor do they provide any case law support as to this factor.  Instead, they provide a detailed account of incidents when they have failed to receive their prescriptions or have been given medications containing NSAIDS or Tylenol.  (Docket Entry No. 82, Pl. Engel's Br. at 2-4; Docket Entry No. 70, Pl. Tell's Br. at 8-12.)

It appears, both through the medical records and Plaintiffs' own logs contained in their certifications, that Plaintiffs were and are receiving substantial medical attention for their

ailments.  Although the Court is aware that Plaintiffs do not agree with the course of treatment implemented by the UMDNJ physicians, Plaintiffs are consistently receiving medical treatment.  See Andrews, 95 F.Supp.2d at 228 (prisoner's subjective dissatisfaction with medical care does not in itself indicate deliberate indifference).

Further, Defendants Hayman and Ricci, as non-physician administrators, cannot be considered deliberately indifferent to the medical needs of a prisoner for failing to respond directly to medical complaints of a prisoner who is already under the care of a physician.  See Durmer, 991 F.2d at 69.

It appears that Plaintiffs' request to be housed in a specific medical unit is also a medical decision to be made by the UMDNJ physicians and for which Defendants Hayman and Ricci, as non-physician administrators, would not be considered deliberately indifferent under the Eighth Amendment for failing to respond to directly.  To the extent this is not a medical decision, the Court notes that Plaintiffs do not have a due process right to choose the unit in which they are held.  Acevedo v. CFG Health Sys. Staff, 2010 WL 4703774, at *7 (D.N.J. Nov. 12, 2010); see Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983) (inmates have no due process right to choose specific place of confinement); Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (same).  As such, Plaintiffs do not have a reasonable likelihood of success on this claim.

10

Therefore, the Court finds that the first factor, the probability of success on the merits of the claims against the State Defendants, weighs against entering a preliminary injunction against the Defendants Hayman and Ricci.

### 2.   Remaining Factors

Because Plaintiffs have not shown a likelihood of success as to their claims, the Court need not address the remaining factors here.  As such, Plaintiffs' motion will be denied.  <u>Am. Exp. Travel Related Servs. Co., Inc. v. Sidamon-Eristoff</u>, 2010 WL 4722209, at *50 (D.N.J. Nov. 13, 2010) (citing <u>Morton v. Beyer</u>, 822 F.2d 364, 371 (3d Cir. 1987) ("failure to show a likelihood of success ... must necessarily result in the denial of a preliminary injunction")).

## III. Conclusion

The Court will deny Plaintiffs' requests for injunctive relief.  The Court will issue an appropriate order.

 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    March 14, 2011

11